FILED

AUG 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, | No. 09-71716 |
| Petitioner, | Agency No. A098-516-321 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Sukhwinder Singh, a citizen and native of India, petitions for review of the

Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's

("IJ") order denying him asylum, withholding of removal, and Convention Against

Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252, and we grant

the petition and remand on an open record.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The BIA affirmed the IJ's denial of relief on the ground that he lacked credibility. Because the BIA reviewed the IJ's decision for clear error, this court looks to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks omitted). Here, although the BIA explicitly discussed only three of the IJ's bases for the adverse credibility determination, it concluded that these inconsistencies "*and other discrepancies* support the Immigration Judge's adverse credibility finding." (Emphasis added.) We accordingly review the BIA's decision as well as the portion of the IJ's decision identifying "other discrepancies." *See Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008).

We review adverse credibility findings under the substantial evidence standard. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). Under this standard, we may reverse the BIA's decision only if the petitioner presents evidence that is "so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (internal quotation marks omitted). Before making an adverse credibility determination in a pre-REAL ID Act case such as this one, the IJ must give the petitioner "a reasonable opportunity to offer an explanation of any perceived inconsistencies."

*Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999), *superseded by statute*[1] *as stated in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2nd Cir. 2008) (per curiam).

Here, Singh was denied a reasonable opportunity to explain almost all of the inconsistencies that the BIA and the IJ identified in support of the adverse credibility determination. These inconsistencies therefore cannot support the adverse credibility determination. *See id.* Although Singh was given an opportunity to explain an inconsistency regarding the year he lost his job — 1999 or 2000 — that inconsistency alone cannot support the adverse credibility determination because it does not go to the heart of Singh's claim, and because the IJ gave no reason to discredit Singh's explanation. *See Soto-Olarte*, 555 F.3d at 1091 (failure to consider a proffered explanation); *Morgan*, 529 F.3d at 1206-07 (inconsistency not going to heart of claim). Further, the lack of corroborative affidavits from Singh's family in India does not support the adverse credibility finding because an otherwise credible applicant need not provide corroborative evidence, *see Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996), and, regardless, it is "inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or

---

[1] The changes made by the statute do not apply here.

3

acquaintances living outside of the United States," *Arulampalam v. Ashcroft*, 353 F.3d 679, 688 (9th Cir. 2003) (internal quotation marks omitted). Thus, none of the agency's proffered reasons constitute substantial evidence supporting the adverse credibility determination.

Moreover, even if this adverse credibility determination were supported by substantial evidence, the BIA erred in failing to conduct a distinct analysis for relief under CAT. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (holding that an adverse credibility determination in the asylum context should not "wash over" a claim for CAT relief). The failure to consider Singh's country report and the over-reliance on the adverse credibility determination made in the asylum context were erroneous.

Disregarding the inconsistencies that Singh was not given an opportunity to explain, the evidence is insufficient to support the BIA's adverse credibility determination. We therefore grant the petition. On remand, should the agency desire to rely on any inconsistencies that go to the heart of his claim, Singh must be advised of the purported inconsistencies and afforded the opportunity to explain them.

**Petition for review GRANTED and REMANDED.**